UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KATHLEEN WELCH,

         Plaintiff,        Civ.  1:22-cv-1023 (GTS/CFH)

   - against -

ELEVANCE HEALTH, INC.,          <u>COMPLAINT</u>

         Defendant.     PLAINTIFF DEMANDS
                    <u>A TRIAL BY JURY</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   Plaintiff Kathleen Welch (hereinafter, "Welch" or "plaintiff"), through her attorneys, Burger Law Group PLLC, alleges as follows:

### NATURE OF THE ACTION

   1.   Plaintiff brings this action to remedy defendants' retaliation in violation of the Family and Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C. § 2601 <u>et seq</u>; and to remedy associational discrimination in violation of the Americans with Disabilities Act of 1990 (hereinafter, "ADA"), 42 U.S.C § 12112 <u>et seq</u>.

   2.   In addition, plaintiff brings this action to remedy associational discrimination in violation of the New York State Human Rights Law (hereinafter, "NYSHRL"), N.Y. Exec. Law § 297 <u>et seq</u>.

   3.   Plaintiff seeks injunctive relief and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to the FMLA, the ADA, and the NYSHRL.

## PROCEDURAL REQUIREMENTS

4.      On July 16, 2021, Welch filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC") alleging that the defendant, Elevance Health Inc. (hereinafter, "Elevance" or "defendant") discriminated against her because of her association with her disabled son and because she utilized her approved intermittent FMLA leave time.

5.      On August 25, 2022, Welch requested that the EEOC withdraw her Charge of Discrimination so that she may pursue her ADA claims in Court because more than 180 days has passed. Accordingly, Welch has satisfied all procedural requirements to bring this action.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over plaintiff's FMLA and ADA claims under 29 U.S.C. § 2617.  Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction with respect to plaintiff's claims under the NYSHRL because this claim closely relates to her FMLA and ADA claims, having arisen out of a common nucleus of operative facts, such that all claims form part of the same case or controversy.

7.      As the unlawful employment practices complained of herein occurred within the Northern District of New York, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8.      Plaintiff, Welch, is a 43-year-old female with a son who has a serious health condition, as that term is defined by the FMLA, and a disability, as that term is defined by the ADA and the NYSHRL. Welch at all relevant times herein, was and still is a resident of Stillwater, New York, and a citizen of the United States of America.

9.     The defendant, Elevance Health Inc. (formerly named Anthem, Inc.) at all relevant times herein was and still is a business corporation headquartered in Indianapolis, Indiana and existing in New York pursuant to the laws of the State of New York.

10.     On May 18, 2022, shareholders of Anthem, Inc. voted and approved an amendment to the Articles of Incorporation to change the company name from Anthem Inc. to Elevance Health, Inc. This company name change became effective on June 28, 2022.

## FACTUAL BACKGROUND

11.     Welch was employed as a registered nurse by Elevance from or around 2009 to October 1, 2020.

12.     Throughout her employment with Elevance, Welch was approved for intermittent leave pursuant to the FMLA, as well as the New York Paid Family Leave Law, to care for her son who has autism which is a serious health condition as defined by the FMLA and a disability as defined by the ADA and the NYSHRL.

13.     In or around March 2020, Welch's son began to experience issues related to school shutdowns due to the COVID-19 pandemic.

14.     In or around March 2020 through June 2020, Welch's approved FMLA leave increased due to her son's needs; however, Welch never exceeded her approved time.

15.     In or around June 2020, Welch's usage of intermittent leave decreased given that her son was not in school for the Summer; however, Welch's usage increased again in or around September 2020 when her son commenced school again.

16.     During times of increased FMLA leave usage, Welch's RN Supervisor, Carolyn Marchese (hereinafter, "Marchese") began to criticize Welch's work production and stated to Welch that she had "too many appointments" referring to Welch's FMLA leave usage.

17.    Elevance had a policy of providing Performance Improvement Plans (hereinafter, "PIP") to identify specific areas for improvement; however, Welch was not provided with any PIP related to any alleged work production issues in 2020.

18.    Additionally, Elevance had a progressive corrective action policy that was relied upon when a PIP was not successful, and this policy was not followed with respect to Welch's employment at Elevance.

19.    On October 1, 2020, Welch was terminated from employment during a telephone call with Marchese and a male representative from Human Resources wherein Marchese stated that Welch was being terminated due to so-called low production.

20.    Upon information and belief, the reason provided by Elevance for terminating Welch's employment was pretext for discrimination. Instead, Welch's employment was terminated in retaliation for her use of family medical leave and/or because of her association with an individual (her son) with a disability, in violation of the FMLA, ADA and NYSHRL.

21.    Welch has mitigated her damages, but despite reasonable efforts has been unable to find comparable employment.

22.    As a result of the above, Welch suffered lost wages, harm to her reputation, and emotional distress.

### FIRST CAUSE OF ACTION
**FMLA: Retaliation**

23.    Plaintiff repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

24.    By the acts and practices described above, defendant retaliated against the plaintiff for exercising her rights, in violation of FMLA, 29 U.S.C. § 2615(a)(2).

25.    Defendant knew that their actions violated the FMLA; these violations of

the FMLA were willful and not in good faith.

26.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, and other compensable damages as a result of defendant's actions.

## SECOND CAUSE OF ACTION
### ADA: Associational Discrimination

27.     Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

28.     By the acts and practices described above, defendant, in violation of the ADA, discriminated against the plaintiff based on her association with her disabled son.

29.     Defendant engaged in discrimination with willful or wanton negligence, with recklessness, and/or with a conscious disregard of plaintiff's rights or conduct so reckless that it amounts to such disregard.

30.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, emotional distress, humiliation, and other compensable damages as a result of defendant's discriminatory practices.

## THIRD CAUSE OF ACTION
### NYSHRL: Associational Discrimination

31.     Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

32.     By the acts and practices described above, defendant, in violation of NYSHRL, N.Y. Exec. Law § 297(1) discriminated against plaintiff based on her association with her disabled son.

33.     Defendant engaged in discrimination with willful or wanton negligence,

with recklessness, and/or with a conscious disregard of plaintiff's rights or conduct so reckless that it amounts to such disregard.

34.    Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, emotional distress, humiliation, and other compensable damages as a result of the defendant's discriminatory practices.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment:

(a)    declaring the acts and practices complained of herein to be violations of the FMLA, the ADA, and the NYSHRL;

(b)    enjoining and permanently restraining these violations of the FMLA, the ADA, and the NYSHRL;

(c)    directing defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d)    directing defendant to place plaintiff in the position she would have occupied but for the defendant's unlawful treatment of her, and making her whole for all earnings and other benefits she would have received but for defendant's discriminatory treatment, including but not limited to wages, including back pay and front pay, bonuses, and other lost benefits under the FMLA, the ADA, and the NYSHRL;

(e)    directing defendant to pay plaintiff compensatory damages, including damages for emotional distress, humiliation, pain and suffering, and injury to professional standing and reputation under the ADA and the NYSHRL;

6

(f)     directing defendant to pay plaintiff additional amounts as punitive damages under the ADA and the NYSHRL;

(g)     directing defendant to pay plaintiff an additional amount as liquidated damages under the FMLA;

(h)     awarding plaintiff such interest as is allowed by law, and damages for any adverse tax consequences stemming from an award;

(i)     awarding plaintiff the costs of this action, together with reasonable attorneys' fees; and

(j)     granting such other and further relief as this Court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

DATED: Saratoga Springs, New York
        September 29, 2022

**BURGER LAW GROUP PLLC**

By: _____
Sarah J. Burger, Esq. (Bar Roll No.: 517051)
Attorneys for Plaintiff
433 Broadway, Suite 301
Saratoga Springs, NY 12866
Tel. (518)400.0677
Fax (518)432.8621
sburger@burgerlawgroup.com
https://burgerlawgroup.com

7